KEKER, VAN NEST & PETERS LLP
MATAN SHACHAM - #262348
mshacham@keker.com
JAY RAPAPORT - #281964
jrapaport@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants
FACEBOOK, INC. and MARK ZUCKERBERG

MCGUIREWOODS LLP
KERRI SAKAUE (SBN 301043)
ksakaue@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Attorneys for Defendant
EQUINIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALYSSA TAI,<br><br>            Plaintiff,<br><br>     v.<br><br>CHANDRA VARANASI, et al.,<br><br>            Defendant. | Case No.  3:20-cv-08669-WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT**<br><br>Date:           March 4, 2021<br>Time:          11:00 a.m.<br>Courtroom:  12<br><br>Judge:          Honorable William Alsup<br><br>Trial Date:    None Set |

Pursuant to the Court's Civil Local Rule 16-9, Federal Rule of Civil Procedure 26(f), the Standing Order for All Judges of the Northern District of California, and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup, Defendants Facebook, Inc. ("Facebook"), Mark Zuckerberg, and Equinix, Inc. ("Equinix") (collectively, "Defendants") respectfully submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Initial Case Management Conference scheduled for March 4, 2021, at 11:00 a.m.

Defendants met and conferred with Plaintiff on this Joint Case Management Statement and Rule 26(f) Report, but in lieu of providing input on the Statement, Plaintiff informed Defendants that she plans to dismiss them without prejudice. *See* Attachment 1. Accordingly, Defendants respectfully suggest that the Initial Case Management Conference be taken off-calendar. Nonetheless, because the request for dismissal has yet to be filed, Defendants are submitting the required Joint Case Management Statement and Rule 26(f) Report as scheduled and will be prepared to appear at the Initial Case Management Conference in the event it goes forward.

1. **JURISDICTION AND SERVICE**

*Facebook's and Mr. Zuckerberg's Statement*

This Court has subject-matter jurisdiction over Plaintiff's federal-question against Facebook and Mr. Zuckerberg under 28 U.S.C. § 1331. As explained in Facebook's and Mr. Zuckerberg's motion to dismiss, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claim given that Plaintiff has no viable federal-question claim and in light of the early stage of these proceedings. Facebook and Mr. Zuckerberg have waived service of process and are unaware as to the status of service as to any other Defendants apart from Equinix.

*Equinix's Statement*

This Court lacks subject-matter jurisdiction over Plaintiff's state law claims against Equinix because, upon information and belief, Equinix and Plaintiff are both citizens of California and thus there is no complete diversity. While Plaintiff's Complaint purports to

identify the "United States Constitution" as a basis for federal question jurisdiction, the only claim that Plaintiff asserts against Equinix is a state common law claim of negligent hiring, and there are no claims alleged against Equinix that arise out of or are based on the U.S. Constitution. Equinix has waived service of process and is unaware as to the status of service as to any other Defendants apart from Facebook and Mr. Zuckerberg.

2. **FACTS**

   *Facebook's and Mr. Zuckerberg's Statement*

   Plaintiff has asserted claims against a variety of entities—including a company called Equinix, the government of India, and the United States criminal justice system. In the portion of her complaint dealing with Facebook (there are no allegations against Mr. Zuckerberg individually), Plaintiff appears to allege that an individual named Chandra Varanasi was able to create one or more fake profiles on Facebook's online platform, observe Plaintiff's own Facebook account, and send Plaintiff harassing messages through Facebook's direct messaging service. These allegations—even if true—do not state a plausible claim for relief against Facebook.

   *Equinix's Statement*

   In the portion of Plaintiff's Complaint dealing with Equinix, Plaintiff alleges that Equinix "negligently hires a group of Indian rapists as software engineers," including an individual named Chandra Varanasi whom Plaintiff alleges to have sexually assaulted her at a private residence. According to Plaintiff, she "would not have suffered emotional and monetary damages" stemming from her sexual assault "[b]ut for the Defendant's negligent hiring." These allegations—even if true—do not state a plausible claim for relief against Equinix. Furthermore, Mr. Varanasi was a contractor for Equinix, not an employee, and has not worked for Equinix in any capacity since December 2015 – almost five years ago. This suggests that either the alleged assault occurred after Mr. Varanasi worked for Equinix or Plaintiff's claims are untimely.

3. **LEGAL ISSUES**

   *Facebook's and Mr. Zuckerberg's Statement*

   At the present time, Defendants have identified the following legal issues:

- Whether Plaintiff's claims against Facebook should be dismissed for failure to state a claim upon which relief can be granted.
- Whether the Court should exercise its discretion to hear Plaintiff's state-law claim against Facebook.
- Whether Plaintiff has adequately alleged that Facebook is a state actor and engaged in unlawful discrimination against Plaintiff for purposes of her equal-protection claim.
- Whether Plaintiff has adequately alleged that Facebook owed Plaintiff a duty of care to prevent Mr. Varanasi from harming Plaintiff.
- Whether Plaintiff's state-law claim is barred under § 230(c)(1) of the Communications Decency Act.

*Equinix's Statement*

At the present time, Equinix has identified the following legal issues:

- Whether this Court has subject matter jurisdiction over Plaintiff's claims against Equinix.
- Whether Plaintiff's claims against Equinix should be dismissed for failure to state a claim upon which relief can be granted.
- Whether Plaintiff has adequately alleged that Equinix owed Plaintiff a duty of care to prevent Mr. Varanasi from harming Plaintiff.
- Whether Plaintiff has adequately alleged that Equinix knew or should have known that hiring Mr. Varanasi created an undue risk of harm with respect to Plaintiff.
- Whether Plaintiff's claims have been asserted within the applicable statute of limitations.
- Whether Plaintiff has adequately alleged that Equinix's decision to hire Mr. Varanasi was the proximate or legal cause of Plaintiff's alleged injuries.

4. **MOTIONS**

**Pending Motions**

Facebook and Mr. Zuckerberg have moved to dismiss the complaint. ECF No. 10.

**Anticipated Motions**

In the event Plaintiff does not voluntarily dismiss Equinix from this action, Equinix anticipates filing a motion to dismiss the Complaint before its responsive pleading deadline, March 8, 2021. If this case proceeds beyond the pleading stage, Defendants anticipate that they would file motions for summary judgment at the appropriate time.

5. **AMENDMENT OF PLEADINGS**

In the event Plaintiff's complaint or any amended complaint survives a motion to dismiss, Defendants will answer and assert appropriate affirmative defenses. Defendants propose that the deadline to add parties or amend pleadings be set two months after the Court has determined that Plaintiff has stated any cognizable claim for relief, if that occurs.

6. **EVIDENCE PRESERVATION**

Counsel for Defendants certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that on February 22, 2021, the parties met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to this action.

Defendants understand their duty to preserve records, including paper and electronic copies, and have taken steps to preserve all documents potentially relevant to this action in its possession, custody, or control, without regard to where such documents may be located.

7. **DISCLOSURES**

*Facebook's and Mr. Zuckerberg's Statement*

Facebook and Mr. Zuckerberg served their initial disclosures on February 25, 2021, as required by Federal Rule of Civil Procedure 26(a)(1)(C).

*Equinix's Statement*

In light of Plaintiff's stated intent to file a notice of dismissal and Equinix's intent to move to dismiss the lawsuit for lack of subject matter jurisdiction, Equinix believes it is premature to serve its initial disclosures at this time.

8. **DISCOVERY AND RULE 26(F) DISCOVERY PLAN**

**Discovery Taken to Date**

No discovery has taken place to date.

**Anticipated Discovery**

*Facebook's and Mr. Zuckerberg's Statement*

In light of Facebook's and Mr. Zuckerberg's pending motion to dismiss and Plaintiff's stated intent to file a notice of dismissal, Facebook and Mr. Zuckerberg believe that it is premature to set a trial and discovery cut-off schedule. In the event the case proceeds past the pleadings stage, Facebook and Mr. Zuckerberg believe any claims against them can be resolved with limited discovery into communications (if any) between Plaintiff and other Defendants; documents substantiating any damages Plaintiff claims to have suffered; and, potentially, a deposition of Plaintiff. Defendants do not presently anticipate the need for third-party discovery.

*Equinix's Statement*

In the event Plaintiff does not voluntarily dismiss Equinix from this action, Equinix anticipates filing a motion to dismiss the Complaint, including on the grounds of lack of subject matter jurisdiction, and thus believes that it is premature to set a trial and discovery cut-off schedule at this time. In the event the case proceeds past the pleadings stage, Equinix believes any claims against it can be resolved with limited discovery into communications (if any) between Plaintiff and other Defendants; documents substantiating any damages Plaintiff claims to have suffered; and a deposition of Plaintiff.  Equinix does not presently anticipate the need for third-party discovery.

**Proposed Limitations on Discovery**

In the event this case proceeds past the pleadings, Defendants believe it can and should be resolved with limited discovery. Defendants propose that each party (with Facebook and Mr. Zuckerberg being considered a single party) be limited to a total of twenty requests for production, twenty requests for admission, ten interrogatories, and a total of ten hours of depositions.

**Electronically Stored Information (ESI)**

Given the limited need for fact discovery in this case, Defendants do not believe that a stipulated e-discovery order is necessary.

**Claims of Privilege/Privilege Issues**

At present, Defendants do not believe any issues exist relating to claims of privilege or work-product protection that require the Court's attention.

9. **CLASS ACTIONS**

This is not a class action case.

10. **RELATED CASES**

The parties are not aware of any pending related cases.

11. **RELIEF**

*Facebook's and Mr. Zuckerberg's Statement*

Facebook and Mr. Zuckerberg do not believe that Plaintiff is entitled to any relief. Defendants request that the Court dismiss Plaintiff's complaint. To the extent Plaintiff establishes any right to relief, her recovery should be limited to any actual damages that she can prove were caused by Facebook's or Mr. Zuckerberg's conduct.

*Equinix's Statement*

Equinix denies that Plaintiff has been damaged in any way by the conduct of Equinix and denies that Plaintiff is entitled to any monetary or non-monetary relief as a result of this lawsuit.

12. **SETTLEMENT AND ADR**

*Facebook's and Mr. Zuckerberg's Statement*

Facebook and Mr. Zuckerberg do not believe this case is likely to settle. Facebook and Mr. Zuckerberg have complied with ADR Local Rule 3-5.

*Equinix's Statement*

Equinix does not believe this case is likely to settle and has complied with ADR Local Rule 3-5.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

*Facebook's and Mr. Zuckerberg's Statement*

Facebook and Mr. Zuckerberg do not consent to a magistrate judge for all purposes.

*Equinix's Statement*

Equinix does not consent to a magistrate judge for all purposes.

**14. OTHER REFERENCES**

Defendants do not believe this case is suitable for other references.

**15. NARROWING OF ISSUES**

Defendants are not presently aware of any issues that can be narrowed by agreement or motion but will bring such issues to the Court's attention promptly in the event the case proceeds past the pleadings.

**16. EXPEDITED TRIAL PROCEDURE/SCHEDULE**

Defendants do not believe this case is suitable for the Court's expedited trial procedure.

**17. SCHEDULING**

Defendants believe that it is premature to develop a trial schedule until the Court determines that Plaintiff has stated a cognizable claim for relief so that Defendants can make an informed proposal that accounts for the nature and extent to which the case will progress.

**18. TRIAL**

Defendants are amenable to trying this case to the Court and believe a trial will take 1-2 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

*Facebook's Statement and Disclosure*

Facebook filed its Certification of Non-Party Interested Entities or Persons on February 16, 2021. ECF No. 9. Pursuant to the Standing Order for all Judges of the Northern District of California, Facebook hereby restates the contents of its disclosure:

Pursuant to Civil Local Rule 3-15, Facebook states that it knows of no persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known that have either: (i) a financial interest of any

kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

*Equinix's Statement*

Equinix filed its Certificate of Interested Parties on February 25, 2021.

20. **GUIDELINES FOR PROFESSIONAL CONDUCT**

Defendants' attorneys have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to abide by these guidelines.

21. **OTHER MATTERS**

Defendants have no other matters to bring to the Court's attention at this time.

22. **PLAN TO PROVIDE OPPORTUNITIES TO JUNIOR LAWYERS**

*Facebook's and Mr. Zuckerberg's Statement*

The lead attorney for Facebook and Mr. Zuckerberg in this action is Jay Rapaport, who graduated law school in 2011. Mr. Rapaport intends to argue motions, including Facebook's and Mr. Zuckerberg's pending motion to dismiss, as well as take and defend depositions and examine witnesses at trial in the event this case proceeds past the pleading stage. In the event Facebook and Mr. Zuckerberg determine the case requires a larger team, counsel's firm will endeavor to staff the matter with an additional attorney who is six years or fewer out of law school.

Undersigned counsel does not believe that it is necessary to require a client representative to attend the case management conference to discuss this subject because counsel and clients have already discussed it and are in agreement that such opportunities should be provided to more junior lawyers.

*Equinix's Statement*

The lead attorney for Equinix in this action is Kerri Sakaue, who graduated law school in 2014. Ms. Sakaue intends to argue motions, including Equinix's pending motion to dismiss, as well as take and defend depositions and examine witnesses at trial in the event this case proceeds past the pleading stage. In the event Equinix determines the case requires a larger team, counsel's firm will endeavor to staff the matter with an additional attorney who is six years or fewer out of law school.

Undersigned counsel does not believe that it is necessary to require a client representative to attend the case management conference to discuss this subject because counsel and clients have already discussed it and are in agreement that such opportunities should be provided to junior lawyers.

Dated: February 25, 2021                    KEKER, VAN NEST & PETERS LLP

                                       By:   */s/ Jay Rapaport*
                                             MATAN SHACHAM
                                             JAY RAPAPORT

                                             Attorneys for Defendants
                                             FACEBOOK, INC. and MARK ZUCKERBERG

Dated: February 25, 2021                    MCGUIREWOODS LLP

                                        By:   */s/ Kerri Sakaue*
                                             KERRI SAKAUE

                                             Attorney for Defendant
                                             EQUINIX, INC.

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that all signatories to this document concur in its filing.

Dated: February 25, 2021                    */s/ Jay Rapaport*
                                               JAY RAPAPORT

# EXHIBIT A

# Jay Rapaport

| | |
|---|---|
| **From:** | Lisa Y <lisay788@yahoo.com> |
| **Sent:** | Tuesday, February 23, 2021 8:15 PM |
| **To:** | Jay Rapaport |
| **Cc:** | Matan Shacham; cni@mcguirewoods.com; ksakaue@mcguirewoods.com |
| **Subject:** | Re: Tai v. Varanasi et al., No. 3:20-cv-08669-WHA (dismiss without prejudice) |

**[EXTERNAL]**

Hi All

After our conference, I feel I should dismiss both facebook and Equinix without prejudice as you have pointed out it may be too remote a proximate cause to my S assault case.

I will submit the form to the court by this Thu. and forward you a copy later.

Thanks,

Alyssa

On Monday, February 22, 2021, 07:12:18 PM PST, Lisa Y <lisay788@yahoo.com> wrote:

After our prayer, we may dismiss you both without prejudice at this moment.  But let me confirm by tomorrow.  Thanks.

On Monday, February 22, 2021, 11:42:33 AM PST, Jay Rapaport <jrapaport@keker.com> wrote:

Ms. Tai,

You are of course free to review the document and consult with an attorney. We did not expect you to sign the draft today, especially since there are portions that you would need to fill in.

We should still talk today at 12:30 Pacific to go over the required topics; we look forward to talking then.

Best,

Jay

**From:** Lisa Y <lisay788@yahoo.com>
**Sent:** Monday, February 22, 2021 11:39 AM

1

**To:** Jay Rapaport <JRapaport@keker.com>
**Cc:** Matan Shacham <MShacham@keker.com>; cni@mcguirewoods.com
**Subject:** Re: Tai v. Varanasi et al., No. 3:20-cv-08669-WHA


**[EXTERNAL]**

---

Mr. Jay,


I already forward this doc. to my lawyer friends.  I'm waiting for them to review.  I have to get back to you on the doc.


Thanks for your understanding.  Talk to you later!


Alyssa


On Monday, February 22, 2021, 10:27:05 AM PST, Jay Rapaport <jrapaport@keker.com> wrote:



Ms. Tai,


In advance of our call at 12:30, please find attached a draft joint case management statement. As you can see, we have let some blank spaces where you can fill in your position (to the extent it differs from ours). We look forward to discussing this soon.


Best,


Jay

---

**From:** Jay Rapaport
**Sent:** Sunday, February 21, 2021 12:25 PM

2

**To:** Lisa Y <lisay788@yahoo.com>
**Cc:** Matan Shacham <MShacham@keker.com>; Ni, Chen G. <cni@mcguirewoods.com>
**Subject:** RE: Tai v. Varanasi et al., No. 3:20-cv-08669-WHA

Ms. Tai,

I understand from one of your other emails that you are available to speak with us on Monday. Let's please plan to talk tomorrow at 12:30 p.m Pacific.

We can use the following conference line:

- Phone number: 877-699-4804
- Passcode: 689252

We'll be joined on the call by Chen Ni of the law firm McGuireWoods LLP, who represents Equinix. We will send you a draft case management conference statement for your review before our call.

Best,

Jay

---

**From:** Lisa Y <lisay788@yahoo.com>
**Sent:** Thursday, February 18, 2021 8:13 PM
**To:** Jay Rapaport <JRapaport@keker.com>
**Cc:** Matan Shacham <MShacham@keker.com>
**Subject:** Re: Tai v. Varanasi et al., No. 3:20-cv-08669-WHA

---

**[EXTERNAL]**

---

Hi Mr. Rapaport,

Thanks for getting back to me.  As I am representing myself, I need to talk to my lawyer friend first.  Let me talk to my lawyer friend and get back to you later.

3

The main goal is to prevent crimes from committing on the internet, not just facebook, craigslist, all internet sites.

I will pray to God to see what direction to take as well.

Thanks,

Alyssa

On Thursday, February 18, 2021, 07:03:20 PM PST, Jay Rapaport <jrapaport@keker.com> wrote:

Dear Ms. Tai:

We represent Facebook and Mark Zuckerberg in the lawsuit you have filed. The parties have a joint case management statement due a week from today. Are you available Monday afternoon to discuss the topics that must go into the joint statement? Please let us know your availability and I can set up a conference call.

For your convenience, I am also attaching a courtesy copy of Facebook's motion to dismiss, which was filed and served by mail yesterday. Please let us know if you agree to electronic service in this case going forward, which would make things easier for all involved.

Best regards,

Jay Rapaport

**Jay Rapaport**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 676 2355 direct | 415 391 5400 main
jrapaport@keker.com | vcard | keker.com

4

Pronouns: he, him, his

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On **February 25, 2021**, I served the following document(s):

> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT**

- ☑ by regular **UNITED STATES MAIL** by placing Copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker, Van Nest & Peters LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

Alyssa Tai
70 Oneida Ave.
San Francisco, CA 94112
415-937-2990
PRO SE

Executed on **February 25, 2021**, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dawn Curran   (dcurran@keker.com)