1  **MCGUIREWOODS LLP**
    Kerri H. Sakaue (SBN 301043)
2       Email: ksakaue@mcguirewoods.com
    1800 Century Park East, 7th Floor
3   Los Angeles, CA  90067-1501
    Telephone:  310.315.8200
4   Facsimile:  310.315.8210

5   Attorney for Defendant
    EQUINIX, INC.
6

7                              UNITED STATES DISTRICT COURT

8                            NORTHERN DISTRICT OF CALIFORNIA

9                                    SAN FRANCISCO DIVISION

10  | ALYSSA TAI, | CASE NO. 3:20-cv-08669-WHA |
    |---|---|
11  | Plaintiff, | **DEFENDANT EQUINIX, INC.'S ADMINISTRATIVE MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT** |
12  | v. | |
13  | CHANDRA VARANASI, et al., | |
14  | Defendants. | *Filed Under Separate Covers:* |
15  | | **(1)   DECLARATION OF KERRI H. SAKAUE** |
16  | | **(2)   [PROPOSED] ORDER** |
17  | | [Civ. L.R. 6-3, 7-11; Fed. R. Civ. P. 6(b)(1)] |
18  | | **Current Response Deadline:  March 8, 2021** |
19  | | **New Response Deadline: March 29, 2021** |

20
21
22
23
24
25
26
27
28

**TO THE HONORABLE WILLIAM H. ALSUP AND TO PLAINTIFF PRO SE ALYSSA TAI:**

**PLEASE TAKE NOTICE** that, pursuant to Northern District Civil Local Rule 6-3 and 7-11, Defendant Equinix, Inc. ("Equinix") hereby moves the Court for an Order granting Equinix a 21-day extension of time to serve and file any motions or other pleadings responsive to Plaintiff Pro Se Alyssa Tai's ("Plaintiff") Complaint. Such relief is warranted to afford Plaintiff additional time to effectuate the parties' agreement to dismiss Equinix, along with Defendant Facebook, Inc. ("Facebook"), from this action without prejudice, which would potentially preserve resources and achieve efficiency by saving the Court and the parties from unnecessarily briefing and adjudicating issues anticipated to be raised in Equinix's responsive pleading to the Complaint.

## I.   STATEMENT OF FACTS

### A.   PLAINTIFF'S COMPLAINT AND EQUINIX'S RESPONSE DEADLINE

Plaintiff filed her Complaint on November 30, 2020 in this Court, which purports to assert unspecified state law causes of action against a number of individuals and entities, including Equinix. Dkt. No. 1.

On January 8, 2021, Equinix received a copy of the Complaint and an undated Notice of a Lawsuit and Request to Waive Service of a Summon from Plaintiff. Declaration of Kerri H. Sakaue ("Sakaue Decl."), ¶ 3. Equinix agreed to waive service and sent Plaintiff an executed Waiver of Service form on January 20, 2021. *Id.* at ¶ 4. Pursuant to Fed. R. Civ. P. 4(d)(3), Equinix's deadline to respond to Plaintiff's Complaint is no earlier than March 8, 2021.

### B.   EQUINIX'S EFFORTS TO OBTAIN RELIEF VIA A STIPULATION

On February 22, 2021, counsel for Facebook and Zuckerberg and counsel for Equinix met and conferred with Plaintiff pursuant to Fed. R. Civ. P. 26(f) and requested that Plaintiff provide her input on a draft Joint Case Management Statement. *See* Dkt. No. 15 at ECF p. 2. But in lieu of providing input on the Joint Case Management Statement, Plaintiff informed counsel for Defendants that she plans to dismiss Equinix and Facebook from this action without prejudice. *See id.* at ECF p. 12.

On February 25, 2021, Plaintiff filed with the Court a Request for Dismissal of Defendants, specifying that "Only Facebook and Equinix is being dismiss [sic] at this time." Dkt. No. 17. Plaintiff, however, submitted the Request for Dismissal of Defendants using the California state court form template (CIV-110, Rev. January 1, 2013). *See id.*

On March 2, 2021, counsel for Facebook emailed Plaintiff to inform her that the Request for Dismissal of Defendants was filed using the state court form and to request that Plaintiff refile a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See* Sakaue Decl., ¶ 7, Ex. 1. To date, the Court has not entered an order dismissing Equinix or Facebook from this action without prejudice in accordance with the Request for Dismissal of Defendants filed by Plaintiff, nor has Plaintiff refiled a stipulation of dismissal with the Court pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

**C.    UPCOMING DATES AND DEADLINES SCHEDULED IN THIS ACTION**

On December 8, 2020, the Court issued an Order Setting Initial Case Management Conference and ADR Deadlines. Dkt. No. 3. Pursuant to the Court's Order, the Initial Case Management Conference was scheduled for March 4, 2021. *Id.*

On February 26, 2021 – after Plaintiff filed her Request for Dismissal – the Court entered an Order continuing the Initial Case Management Conference to April 1, 2021. Dkt. Nos. 16, 17.

**II.    GOOD CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION**

Fed. R. Civ. P. 6(b)(1) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: … with or without modification or notice if the court acts, or if a request is made, before the original time or its extension expires…."

Good cause exists to grant Equinix the requested 21-day extension of its responsive pleading deadline because:

1. Plaintiff has already filed a stipulation with the Court requesting that Equinix be dismissed from this action without prejudice, though Plaintiff submitted the stipulation using the California state court's preapproved form for dismissal and failed to reference Fed. R. Civ. P. 41(a)(1)(A)(i);

2. The requested 21-day extension will allow Plaintiff additional time to correct her prior filing and refile the agreed-upon stipulation of dismissal in compliance with the Federal

       Rules of Civil Procedure, thus potentially saving the Court and the parties from unnecessarily expending time and resources briefing and adjudicating issues anticipated to be raised in Equinix's responsive pleading to Plaintiff's Complaint;

3. No previous time modification have been requested or granted in this action; and

4. The requested extension is not anticipated to adversely impact the current schedule in this action.

### III. CONCLUSION

For all of the foregoing reasons, Equinix respectfully requests that the Court enter an Order granting Equinix a 21-day extension of time up to and including March 29, 2021 to serve and file any motions or other pleadings responsive to Plaintiff's Complaint. In the alternative, Equinix respectfully requests that the Court enter an Order dismissing Equinix from this action without prejudice, in accordance with the Request for Dismissal of Defendants filed by Plaintiff on February 25, 2021.

DATED: March 8, 2021                    **McGuireWoods LLP**

                                                By:    /s/ Kerri H. Sakaue
                                                         Kerri H. Sakaue

Attorney for Defendant EQUINIX, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I further certify that on March 8, 2021, I caused to be served the foregoing document by Federal Express Overnight Delivery, pursuant to Local Rule 5-5, as follows:

Alyssa Tai                                           Plaintiff Pro Se
70 Oneida Ave.
San Francisco, California 94112

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 8, 2021, at Los Angeles, California.

　　　　　　　　　　　　　　　/s/ Kerri H. Sakaue
　　　　　　　　　　　　　　　Kerri H. Sakaue