



U.S. POSTAGE PAID
FCM LG ENV
SAN FRANCISCO, CA
94112
AUG 17, 21
AMOUNT
$5.60
R2304M11125O-03

1000
23917

8-24

management

Federal Industrialist Ramu Varanasi

c/o.

**RECEIVED**

SEP 07 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

S. District Court

Golden Gate Ave

Francisco, CA 94102

**CERTIFIED MAIL®**

7020 3160 0000 4982 5249

7020 3160 0000 4982 5249

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the

Northern  District of California

| | |
|---|---|
| Alyssa  Tai <br> *Plaintiff* <br> v. <br> Chandra  Rama  Varanasi <br> *Defendant* | Civil Action No. 2 0 - c v - 0 8 6 6 9 - WHA |

### NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

#### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within      7      days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

#### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:

*Signature of the attorney or unrepresented party*

Alyssa  Tai
*Printed name*

90  Oneida  Ave.  SF.  CA 94112
*Address*

lisay788@yahoo.com
*E-mail address*

415  937 - 2990
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Northern District of California

Alyssa Tai
             Plaintiff
                                        )
                                        )
                                        )     Civil Action No. 20-cv-08669-WHA
         v.                             )
                                        )
             Defendant                  )

## WAIVER OF THE SERVICE OF SUMMONS

To:       Alyssa Tai
          *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

ORIGINAL FILED

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

RECEIVED

# UNITED STATES DISTRICT COURT

2020 NOV 30  P 1: 36

CLERK US DISTRICT COURT
N. DIST. OF CA.

for the

District of Northern California

Division

NOV 30 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

WHA

Case No.   CV20   8669

*(to be filled in by the Clerk's Office)*

|  |  |
|---|---|
| Alyssa Tai | ) |
| | ) |
| Plaintiff(s) | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| | ) |
| | ) |
| | ) |
| Chandra Varanasi & His Rapist friends & craigslist & | ) |
| Equinix & facebook & United States Criminal Justice | ) |
| System | ) |
| | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names.)* | |

Jury Trial: *(check one)*  ☐ Yes  ☒ No

# COMPLAINT FOR A CIVIL CASE

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if
needed.

Name
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address

Alyssa Tai
70 Oneida Ave
San Francisco
CA
415 937 2990
lisav788@yahoo.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

## Office hours: 9:00 A.M. TO 4:00 P.M.
## 415.522.2000 | cand.uscourts.gov

The instructions and information on this handout apply to cases and filings that are not included in the Northern District's electronic filing program. For information about e-filing, visit cand.uscourts.gov/cm-ecf.

In addition to the local rules, these instructions are designed to ensure that the filing process is accomplished with ease and accuracy. For additional information or assistance, please call the above number during office hours.

## FILING INFORMATION

1. The San Francisco Division only accepts filings for cases assigned to San Francisco judges or the Eureka magistrate judge. We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose Divisions, per Civil L.R. 3-2(b).

2. This office will retain the original plus one copy of most documents submitted. We will file-stamp as many copies as you bring for your use. Related cases require an extra copy for **each** related action. We will deliver the copy directly to the assigned Judge. This serves as the "courtesy copy" or "chambers copy."

3. In order to facilitate the file stamping process, each original document should be submitted on top of its copies. In other words, group like documents together (as opposed to a set of originals and separate sets of copies).

4. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** in the number. Miscellaneous and foreign judgment matters should be denoted with the initials **MISC** at the end of the case number.

5. The document caption should include the assigned judge or magistrate judge in the matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

6. A proof of service should be attached to the back of each document. If submitted separately, a pleading page to the front of the document showing case number and case caption.

7. Drop boxes for filing when the Clerk's Office is closed are available. Please visit our website for further details: cand.uscourts.gov/dropbox.

8. After payment of the initial filing fee (or submission of an in forma pauperis request), there are no further fees to be paid in connection with filing additional documents in a case.

## ADDITIONAL INFORMATION

9. Forms and local rules may be downloaded from the court's website: cand.uscourts.gov. They may also be requested in person from the Clerk's Office.

10. Two computer terminals which allow public access to case dockets are located in the reception area of the Clerk's Office. A file viewing room is located adjacent to the reception area. File viewing hours are 9:00 a.m. to 12:45 p.m. Electronic access to dockets and court filings is available through PACER. To obtain information or to register visit pacer.gov or call 1-800-676-6851.

11. Two pay copy machines are located in the file viewing room for public use, at twenty-five cents ($0.25) per page. The Clerk's Office can only accept payment by exact change, check made payable to Clerk, U.S. District Court, or credit card if paying in person. Orders for copy work may be placed through Colour Drop by phoning 415-353-5720. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

# United States District Court
# Northern District of California

## ECF Registration Information Handout

Electronic Case Filing (ECF or "e-filing") is mandatory for all civil cases in this court. Please refer to Civil Local Rule 5-1 for the Court's rules pertaining to electronic filing. Special procedures apply to initiating documents (complaints; notices of removal); after that, attorneys must e-file in this case.

Parties who are representing themselves pro se (without attorney representation) are not required to e-file and, in fact, may e-file only with the permission of the assigned judge.

Please review and attend to the following important notes and tasks:

- Serve this ECF Registration Information Handout on all parties in the case along with the complaint or removal notice and the other documents generated by the court upon filing.

- Email (DO NOT E-FILE) the complaint or removal notice and all attachments, in PDF format, within ten (10) business days, to the assigned judge's PDF email address. Find the judge's email address at cand.uscourts.gov/judges; find more information on this step at **http://cand.uscourts.gov/ECF**. Include in the subject line of the email:

  - Case number
  - Judge's initials
  - Type of document(s) you are sending (e.g, "Complaint & TRO")

  Do not separately e-file these documents; court staff will perform this task. All other documents from this point forward in the case must be e-filed, including the returned summons.

- If not already registered, each attorney in the case must register to become an e-filer at cand.uscourts.gov/ECF. Your ECF registration is valid for life in this district; please do not register more than once.

IMPORTANT NOTICE: By signing and submitting to the court a request for an ECF user id and password, you consent to entry of your email address into the court's electronic service registry for electronic service on you of all e-filed papers, pursuant to rules 77 and 5(b)(2)(d) of the Federal Rules of Civil Procedure.

- If you are a party and do not have an attorney and would like to e-file in the case, please visit cand.uscourts.gov/ECF/proseregistration for instructions and information. Unless and until the assigned judge has given you permission to e-file, you are required to file and serve papers in hard copy (paper) form.

- Access dockets and documents using your PACER (Public Access to Court Electronic Records) account. If your firm already has a PACER account, please use that account. It is not necessary to have individual PACER accounts for each user in your office. To set up an account, visit: **www.pacer.gov** or call **(800) 676-6856**.

ECF interactive tutorials, instructions for e-filing and other information are available at:
http://cand.uscourts.gov/ECF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF ELIGIBILITY FOR VIDEO RECORDING

This case is assigned to a judge who participates in the Cameras in the Courtroom Pilot Project. See General Order 65 and cand.uscourts.gov/cameras. The parties' consent is required before any proceedings in this case may be recorded. If a party, the presiding judge, or a member of the media requests that a proceeding be recorded, consent of the parties will be presumed unless a party submits an Objection to Request for Video Recording form as directed by the Cameras in the Courtroom Procedures.

Parties objecting to video recording are asked, for research purposes, to communicate to the Court the reasons for declining to participate. If you decline to participate, you should candidly convey the reasons for your decision. Whether you agree to participate or decline to participate will have no effect on your case whatsoever.

Susan Y. Soong

Susan Y. Soong, Clerk of Court

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C. § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT

Susan Y. Soong

Susan Y. Soong
Clerk, United States District Court

ORIGINAL FILED

NOV 30 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALYSSA TAI,

Plaintiff,

v.

CHANDRA VARANASI,

Defendant.

Case No. 20-cv-08669-WHA

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

IT IS HEREBY ORDERED that this action is assigned to the Honorable William Alsup.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve
on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2.
Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute
Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients
shall familiarize themselves with that rule and with the material entitled "Dispute Resolution
Procedures in the Northern District of California" on the Court ADR Internet site at
http://www.cand.uscourts.gov/adr. A limited number of printed copies are available from the
Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

CASE SCHEDULE – ADR MULTI-OPTION PROGRAM

United States District Court
Northern District of California

| Date | Event | Governing Rule |
|------|-------|----------------|
| 11/30/2020 | Complaint Filed | |
| 2/11/2021 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R. 3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| 2/25/2021 | **Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br><br>(also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 3/4/2021 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 11:00 AM in:<br><br>Courtroom 12, 19th Floor<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Civil L.R . 16-10 |

\* If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 21 days in advance of the Initial Case Management Conference.

\*\* If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 7 days in advance of the Initial Case Management Conference.

United States District Court
Northern District of California

LAST REVISED APRIL 23, 2018.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**SUPPLEMENTAL ORDER TO
ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE
IN CIVIL CASES BEFORE JUDGE WILLIAM ALSUP**

**INTRODUCTION**

The purpose of this supplemental order is to guide the parties on recurring practical questions that arise prior to trial and to impose certain requirements for the conduct of the case. Counsel must please read this order and follow it.

**SERVICE OF THIS ORDER**

1. For cases originating in this Court, plaintiff(s) must serve this order and the order setting the initial case management conference (along with any other required pleadings) on each defendant. For cases removed from state court, the removing defendant(s) must serve this order and the order setting the initial case management conference (along with any other required pleadings) immediately on each and every party that has previously appeared or that appears within thirty days after removal. Thereafter, any existing party to the action that brings a new party into the action must immediately serve a copy of this order and the order setting the initial case management conference (along with any other required pleadings) on the new party.

**CASE MANAGEMENT CONFERENCE**

2.      The parties will please address the standardized items in the court-wide format for the joint case management statement. This is available at the Standing Order For all Judges of the Northern District of California — Contents of Joint Case Management Statements. Please file (electronically or manually depending on your case) at least SEVEN CALENDAR DAYS prior to the case management conference. Each party shall be represented at the case management conference by counsel in person prepared to address all such matters and with authority to enter stipulations and to make admissions.

3.      In the joint statement for the initial case management conference, any law firm with more than fifty lawyers nationwide must submit a specific plan for how it intends, in this case, to provide opportunities to junior lawyers (six years or fewer years out of law school) to argue motions in court, to take depositions, and to examine witnesses at trial. Specific motions, depositions, and junior lawyers must be identified. Please state whether it would be useful to require client representatives to attend the upcoming case management conference where this subject will be discussed.

4.      Pursuant to FRCP 26(d), document requests may be served more than TWENTY-ONE DAYS after service of the summons and complaint on a party. The request is considered to have been served at the FRCP 26(f) conference. As soon as any party has actual notice of this order, however, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document-destruction programs and any ongoing erasures of e-mails, voice mails, text messages, ephemeral communications, and other electronically-recorded material.

**ELECTRONIC CASE FILING — LODGING HARD COPIES WITH CHAMBERS**

5.      In electronic-filing cases, each courtesy copy lodged with chambers pursuant to Civil Local Rule 5-1(e) shall be clearly marked "Chambers Copy — Do Not File" and shall be delivered in an envelope clearly marked with the presiding judge's name and case number.

6.      In cases that have been referred to a magistrate judge for discovery, each courtesy copy for any matter pending before the magistrate judge (*e.g.*, a discovery motion) shall be

United States District Court
For the Northern District of California

1    delivered in an envelope that (1) is clearly marked with the presiding judge's name and case

2    number and (2) indicates that it is to be delivered to the chambers of the *magistrate* judge.

3        7.    Please do *not* provide courtesy copies for administrative motions, including

4    administrative motions to file under seal. Please also do not provide courtesy copies for

5    redacted versions of electronically-filed documents. Where a document electronically filed on

6    the public docket is redacted in whole or in part and is also the subject of an administrative

7    motion to file under seal, please provide only a *single* courtesy copy that is completely

8    unredacted. For example, if a party files a partially-redacted version of a motion on the

9    public docket and separately files the unredacted version (with all requested redactions

10   clearly indicated) as part of an administrative motion to file under seal pursuant to Civil Local

11   Rule 79-5, then the filing party should provide a courtesy copy of only the *unredacted* version.

**MOTION PRACTICE**

13       8.    Counsel need not request a motion hearing date and may notice non-discovery

14   motions for any Thursday (excepting holidays) at 8:00 a.m. The Court sometimes rules on the

15   papers, issuing a written order and vacating the hearing. If, however, a written request for oral

16   argument is filed by any side before a ruling, stating that a lawyer of four or fewer years out of

17   law school will conduct the oral argument or at least the lion's share, then the judge will hear

18   oral argument, believing that young lawyers need more opportunities for appearances than they

19   usually receive.

20       9.    On summary judgment motions, joint statements of undisputed facts are not

21   required but are helpful if completely agreed upon. Please do *not* file separate statements of

22   "undisputed facts."

23       10.    Reply declarations are disfavored. Opening declarations should set forth all facts

24   on points foreseeably relevant to the relief sought. Reply papers should not raise new points that

25   could have been addressed in the opening.

26       11.    The title of the submission must be sufficient to alert the Court to the relief

27   sought; for example, please do not bury a request for continuance in the body of a memorandum.

28

United States District Court
For the Northern District of California

3

12.    All submissions filed with the Court shall include on the cover sheet the date and time of the hearing or conference. Counsel should include their facsimile transmission numbers along with their telephone numbers on their papers.

13.    Please avoid half-truths, meaning statements that are true as far as they literally go but which remain misleading due to the part left out. The Court needs to rely on counsel to supply accurate briefing and representations.

14.    In addition to the requirements of Civil Local Rule 79-5 and other relevant law, only for the most compelling reason will the Court grant any sealing request covering information that relates to potential hazards to the health, safety, or well-being of the public. Therefore, when anyone seeks to seal or redact anything filed with the Court, the request must specifically draw attention to any proposed sealing or redactions of information that implicates such issues.

### DISCOVERY AND DISCLOSURES

14.    Now follow this Court's views and guidelines on discovery and disclosures. For good cause, the parties are invited to propose any modifications in their joint case management conference statement. Unless and until modified, however, the following provisions shall supplement the requirements of the Federal Rules of Civil Procedure and our local rules.

15.    The disclosure requirements of FRCP 26(a) obligate parties to disclose the documents and witnesses on which they will rely, *not* documents and witnesses on which they will *not* rely — no matter how relevant they may be, no matter how adverse they may be. On the other hand, document requests under FRCP 34 and interrogatories under FRCP 33, if properly framed, obligate responding parties to produce and to answer as to all responsive documents or information, adverse or not. This distinction is clear-cut and fundamental, yet deserves to be said because the imagination of some counsel never sleeps in inventing ways to hide adverse evidence. At the other extreme, some counsel draft inartful requests, which fail to call for adverse evidence. They eventually (wrongly) blame the responder for not disclosing it voluntarily.

16.    For document requests, the producing party remains obligated to search all places with a reasonable chance of having responsive documents, including ESI and hard copies. If the

25    responding side has already done some homework and located responsive documents, then they

26    must be produced (unless truly privileged and logged as such). Both ESI and hard copy files

27    must be searched. Search of hard copy files cannot be skipped on the theory that the electronic

28    files will duplicate everything in the hard copy files, for experience shows they never quite do.

17.     When the original request is overbroad or otherwise improper and the responding party timely, specifically and properly objects in writing, then the responding party need not produce anything in response to the request until the objections are overruled or a lesser scope is agreed-on (in writing). Once, however, there is an agreement or ruling on the scope to be produced, then the producing party, as before, becomes obligated to search all places with a reasonable likelihood that responsive documents are located, including, of course, where they are already known to exist. The fashionable use of "Instructions" and "Definitions" in document requests and interrogatories has a strong tendency, when read into the requests and interrogatories, to exacerbate burden and this alone can sometimes render them unreasonable. Under the Federal Rules, there is no need for "Instructions" and "Definitions." When the judge finds (on motion) that a request was unreasonably burdensome or otherwise objectionable from the outset, his normal practice is to strike it in its entirety rather than to try to salvage some narrower element lurking within it. Again, the judge's approach is intended to encourage reasonably narrow requests from the start, meaning don't ask for more than you deserve with the expectation that the judge will cut it back to what you deserve. He will cut unreasonably burdensome requests back to zero.

18.     The goal of any negotiations over scope is to reduce the overall burden while still locating materials whose relevance and importance justifies the burden. When the producing party has already located some responsive documents or information, the burden to produce them will be slight, so it would be unreasonable to insist on a reduced scope mainly to suppress adverse documents already known to the producing party. On the other hand, it is acceptable to negotiate for an otherwise reasonable limit even though it will happen to miss important documents. And, it is acceptable for a responding party to simply acquiesce in an offer by the propounding party to limit the scope, even though the responding party knows the reduced scope will miss relevant even adverse material. Any limiting agreement must be in writing and signed by both sides. Importantly, this paragraph presupposes that the original request was overbroad. If the original request was reasonable to begin with, then the responding party must produce all

5

responsive material, good or bad, and may not try to negotiate a reduced scope. Again, this approach encourages reasonable requests from the start.

19. With respect to ESI, if both sides expressly agree that the producing party need only produce hits resulting from agreed-on search terms and agreed-on custodians, then the producing party need not volunteer additional ESI, relevant or not, adverse or not, known or not. Any such limiting agreement, however, must be in a writing signed by both sides. As stated above, in any negotiations over terms, the producing side may not insist on search terms and/or custodians mainly to miss ESI it knows to be important.

20. In responding to requests for documents and materials under FRCP 34, it is not sufficient merely to state that "responsive" materials will be or have been produced. Such a response leaves open the distinct possibility that other responsive materials have not been produced.

21. At the time of the production, the responding party should provide a written list to the requesting party setting forth in detail each specific source and location searched. The list must also identify, by name and position, all persons conducting the search and their areas of search responsibility. The producing party shall also provide a list describing the specific source for each produced item as well as for each item withheld on a ground of privilege, using the unique identifying numbers to specify documents or ranges. Materials produced in discovery should bear unique identifying control numbers on each page.

22. To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

23. Except for good cause, no item shall be received as case-in-chief evidence if its proponent should have produced it in discovery but did not, regardless of whether any discovery motion was made.

24. Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* FRCP 26(b)(5). No generalized claims of privilege or work-product protection shall be permitted. With respect to each communication for which a

6

claim of privilege or work product is made, the asserting party must at the time of assertion identify:

    (a)   all persons making or receiving the privileged or protected communication;

    (b)   the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication;

    (c)   the date of the communication; and

    (d)   the subject matter of the communication.

Failure to furnish this information at the time of the assertion will likely be deemed a waiver of the privilege or protection. The log should also indicate, as stated above, the location where the document was found.

    25.   Counsel may not make arguments or statements to the judge or jury or opposing counsel that counsel realize are contradicted by unproduced material, whether requested or not, when such material might reasonably be credited by the judge or jury or opposing counsel. If counsel learns of such adverse material after having made a representation or argument, counsel must very promptly correct the statement or argument and explain the basis for the correction. The same is true for interrogatory answers and FRCP 30(b)(6) testimony. This is an exception to the normal rule that counsel need not volunteer adverse information.

    26.   With respect to depositions, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually-convenient times and places. That some counsel may be unavailable shall not, however, be grounds for deferring or postponing a deposition if another attorney from the same firm or who represents a party with similar interests to that witness is able to attend. Ordinarily, if one side desires a prompt deposition, the other side is expected to agree to dates falling within *thirty days* of the request. On the other hand, rarely should one side expect the other side to agree to a deposition sooner than *seven days* of the request.

7

27.     The judge disfavors the practice of postponing all depositions until all documents are finally produced because all documents never seem to all get produced. Rather, once a critical mass of documents are produced, depositions should begin (if not sooner). If late documents are produced after a deposition, then that deponent will be ordered back for more testimony on the late-produced documents, at least where the deponent is associated with the tardy side and the document(s) should have been produced prior to the original deposition. The late-producer will ordinarily bear all expense of resuming the deposition. This practice encourages full and proper productions and discourages "hide-the-ball" tactics.

28.     Speaking objections are prohibited. Deposition objections must be as to privilege or form only. Under no circumstances should any counsel interject, "if you know," or otherwise coach a deponent. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement. Private conferences between deponents and attorneys in the course of examination, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

29.     Deponents who claim to lack recollection during their deposition but who later claim at trial to have had their memories refreshed in the interim, may be, among other things, impeached with their previous failures of recollection during their depositions or be subject to preclusion. In other words, if any refreshing is going to occur before trial, it should be done before the deposition, so that both sides can have the benefit of the refreshed memory prior to trial. In preparing deponents, defending counsel shall segregate and retain all materials used to refresh their memories and shall provide them to examining counsel at the outset of the deposition.

30.     To the maximum extent feasible, deposition exhibits shall be numbered in a simple manner that will allow the same numbering at trial. In discovery, counsel shall agree on blocks of exhibit numbers to be used by the respective parties. Identical exhibits should not be

8

re-marked, but various versions of the same document, such as copies with hand notes added, should be separately marked if used. *See* Local Rule 30-2(b)(3).

31.     FRCP 26(a)(2)(B) requires disclosure of all opinions, bases, reasons and other information considered by an expert. Counsel shall preserve all drafts of expert reports (partial or complete) and notes and other evidence of communications with experts (or with any intermediaries between counsel and the experts) on the subject of this actual or potential testimony, and shall instruct their experts and any intermediaries to do likewise. These materials, however, need not be produced absent the showing required by FRCP 26(b)(3) and (4).

32.     With respect to depositions under FRCP 30(b)(6), the fundamental purpose is to allow a party to notice a deposition by subject matter, thereby requiring the respondent to designate and to produce one or more organization witnesses knowledgeable on the designated topic, a useful procedure when the roles of percipient witnesses controlled by an adverse party are unknown. In some cases, however, counsel routinely appear to notice FRCP 30(b)(6) depositions on numerous and wide-ranging topics, including even the basis for "contentions" made by adverse parties. To obviate disputes and to give guidance, these guidelines will be observed:

(a)     Without a prior order increasing the limit, a party may seek FRCP 30(b)(6) depositions from another party on up to a total of ten subject matters (for the entire case) described with "reasonable particularity." In framing the subjects, it is normally improper to ask for FRCP 30(b)(6) deponents to testify concerning the entire basis of a claim or defense. On the other hand, examples of proper subjects, which would require the respondent to find and to produce knowledgeable deponents, include "the time line of research and development leading to the invention in question" or "the efforts undertaken by defendant to locate documents responsive to plaintiff's document request." The notice should be directed at discovering percipient facts in the possession of the adverse party,

9

not at forcing a supposed "fact witness" to appear and defend the entire thesis of a claim or defense.

(b)     Each witness-designee deposed for one half-day or more in a FRCP 30(b)(6) deposition shall count as a single deposition for purposes of the deposition limit under FRCP 26 or under any case management order setting a limit on the number of depositions. A corporate designee may, immediately after being deposed on the stated subject, be deposed in his or her individual capacity. Both such sessions shall count together as a single deposition (although they should be separately transcribed). If two designees, to take another example, are interrogated, each for one half-day or more, then they count as two depositions.

(c)     If an organization cannot reasonably locate a witness to testify based on personal knowledge, there is no requirement under FRCP 30(b)(6) for the organization to "woodshed" or to "educate" an individual to testify on the subject. If the organization does not produce any such deponent, however, the organization may not present case-in-chief evidence at trial or on summary judgment on that topic from any witness it could have so designated.

(d)     FRCP 30(b)(6) testimony never constitutes an irrebuttable judicial admission. It will normally, however, be evidence admissible against the organization producing the witness on the topics specified.

33.     If a dispute arises during a deposition and involves either a persistent obstruction of the deposition or a refusal to answer a material question on a ground other than privilege, counsel may attempt to arrange a telephone conference with the Court through the courtroom deputy. Any such conference should be attended by the same court reporter recording the deposition.

34.     All other requests for discovery relief must first be summarized in a letter no longer than three pages from the party seeking relief after having met and conferred. Up to twelve pages of attachments may be added. In the letter, counsel should identify themselves in the signature block as "counsel for _____." *In addition, counsel must state whether the*

United States District Court
For the Northern District of California

10

*parties have met and conferred either in person or by telephone over all the issues in the letter. The letter should be electronically-filed in the official file along with the discovery-dispute requests and responses, as well as any timely letter cancelling the hearing if settlement is reached.* (Please note that with all communications with the Court by e-filing, *a hard copy must be lodged* in the Court's mail box in the Clerk's Office on the sixteenth floor in the time frame requested by local rule.) The Court will then advise the parties whether a response, written motion or court hearing will be required. This paragraph applies only to cases wherein discovery is being supervised by the district judge rather than by a magistrate judge or special master.

35. To circle back to disclosure, FRCP 26(a) requires certain automatic disclosures and requires them to be made in a timely manner. Under FRCP 37(c), untimely-disclosed materials may not be used at trial or on summary judgment unless the delay in disclosure is "harmless" or unless "substantial justification" for the delay is shown.

### COMMUNICATIONS WITH CHAMBERS

36. Please do not send any letters to the Court (except for requests for discovery conferences, short cover letters for dismissals, orders agreed-upon as to form, or chambers copies of electronically-filed documents). When corresponding with the Court by letter, always identify whom you represent. Please do not fax or messenger anything to chambers without advance permission specific to the item. Please e-file all submissions to the Court and make sure a hard copy is lodged in the Court's mail box in the Clerk's Office on the sixteenth floor within the time frame requested by local rule. Except for the letters described above, please do not attempt to make contact by telephone or any other *ex parte* means with chambers staff.

### CROSS REFERENCE TO OTHER STANDING ORDERS AND GUIDELINES

37. The undersigned judge has separate standing guidelines for preparation for the final pretrial conference and trial. In securities cases, he has a standing order concerning early notice to class members. They are always available for review at the website for the United States District Court for the Northern District of California at www.cand.uscourts.gov.

Dated: April 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

11

## STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. Class Actions: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ____ Yes ____ No

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

20. Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

ORIGINAL FILED

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

RECEIVED

NOV 30 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

2020 NOV 30  P 1: 36

CLERK US DISTRICT COURT
NO. DIST. OF CA.

for the

District of Northern California

Division

WHA

Case No.    **CV20    8669**

(to be filled in by the Clerk's Office)

Alyssa Tai

Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Chandra Varanasi & His Rapist friends & craigslist &
Equinix & facebook & United States Criminal Justice
System

Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Jury Trial: (check one)   ☐ Yes   ☒ No

# COMPLAINT FOR A CIVIL CASE

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if
needed.

Name                    Alyssa Tai
Street Address          70 Oneida Ave
City and County         San Francisco
State and Zip Code      CA
Telephone Number        415 937 2990
E-mail Address          lisav788@yahoo.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

## Office hours: 9:00 A.M. TO 4:00 P.M.
## 415.522.2000 | cand.uscourts.gov

The instructions and information on this handout apply to cases and filings that are not included in the Northern District's electronic filing program. For information about e-filing, visit cand.uscourts.gov/cm-ecf.

In addition to the local rules, these instructions are designed to ensure that the filing process is accomplished with ease and accuracy. For additional information or assistance, please call the above number during office hours.

## FILING INFORMATION

1. The San Francisco Division only accepts filings for cases assigned to San Francisco judges or the Eureka magistrate judge. We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose Divisions, per Civil L.R. 3-2(b).

2. This office will retain the original plus one copy of most documents submitted. We will file-stamp as many copies as you bring for your use. Related cases require an extra copy for **each** related action. We will deliver the copy directly to the assigned Judge. This serves as the "courtesy copy" or "chambers copy."

3. In order to facilitate the file stamping process, each original document should be submitted on top of its copies. In other words, group like documents together (as opposed to a set of originals and separate sets of copies).

4. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** in the number. Miscellaneous and foreign judgment matters should be denoted with the initials **MISC** at the end of the case number.

5. The document caption should include the assigned judge or magistrate judge in the matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

6. A proof of service should be attached to the back of each document. If submitted separately, a pleading page to the front of the document showing case number and case caption.

7. Drop boxes for filing when the Clerk's Office is closed are available. Please visit our website for further details: cand.uscourts.gov/dropbox.

8. After payment of the initial filing fee (or submission of an in forma pauperis request), there are no further fees to be paid in connection with filing additional documents in a case.

## ADDITIONAL INFORMATION

9.  Forms and local rules may be downloaded from the court's website: cand.uscourts.gov. They may also be requested in person from the Clerk's Office.

10. Two computer terminals which allow public access to case dockets are located in the reception area of the Clerk's Office. A file viewing room is located adjacent to the reception area. File viewing hours are 9:00 a.m. to 12:45 p.m. Electronic access to dockets and court filings is available through PACER. To obtain information or to register visit pacer.gov or call 1-800-676-6851.

11. Two pay copy machines are located in the file viewing room for public use, at twenty-five cents ($0.25) per page. The Clerk's Office can only accept payment by exact change, check made payable to Clerk, U.S. District Court, or credit card if paying in person. Orders for copy work may be placed through Colour Drop by phoning 415-353-5720. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

# United States District Court
# Northern District of California

## ECF Registration Information Handout

Electronic Case Filing (ECF or "e-filing") is mandatory for all civil cases in this court. Please refer to Civil Local Rule 5-1 for the Court's rules pertaining to electronic filing. Special procedures apply to initiating documents (complaints; notices of removal); after that, attorneys must e-file in this case.

Parties who are representing themselves pro se (without attorney representation) are not required to e-file and, in fact, may e-file only with the permission of the assigned judge.

Please review and attend to the following important notes and tasks:

- Serve this ECF Registration Information Handout on all parties in the case along with the complaint or removal notice and the other documents generated by the court upon filing.

- Email (DO NOT E-FILE) the complaint or removal notice and all attachments, in PDF format, within ten (10) business days, to the assigned judge's PDF email address. Find the judge's email address at cand.uscourts.gov/judges; find more information on this step at **http://cand.uscourts.gov/ECF**. Include in the subject line of the email:

  - Case number
  - Judge's initials
  - Type of document(s) you are sending (e.g, "Complaint & TRO")

  Do not separately e-file these documents; court staff will perform this task. All other documents from this point forward in the case must be e-filed, including the returned summons.

- If not already registered, each attorney in the case must register to become an e-filer at cand.uscourts.gov/ECF. Your ECF registration is valid for life in this district; please do not register more than once.

IMPORTANT NOTICE: By signing and submitting to the court a request for an ECF user id and password, you consent to entry of your email address into the court's electronic service registry for electronic service on you of all e-filed papers, pursuant to rules 77 and 5(b)(2)(d) of the Federal Rules of Civil Procedure.

- If you are a party and do not have an attorney and would like to e-file in the case, please visit cand.uscourts.gov/ECF/proseregistration for instructions and information. Unless and until the assigned judge has given you permission to e-file, you are required to file and serve papers in hard copy (paper) form.

- Access dockets and documents using your PACER (Public Access to Court Electronic Records) account. If your firm already has a PACER account, please use that account. It is not necessary to have individual PACER accounts for each user in your office. To set up an account, visit: **www.pacer.gov** or call **(800) 676-6856**.

ECF interactive tutorials, instructions for e-filing and other information are available at:
http://cand.uscourts.gov/ECF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF ELIGIBILITY FOR VIDEO RECORDING

This case is assigned to a judge who participates in the Cameras in the Courtroom Pilot Project. See General Order 65 and cand.uscourts.gov/cameras. The parties' consent is required before any proceedings in this case may be recorded. If a party, the presiding judge, or a member of the media requests that a proceeding be recorded, consent of the parties will be presumed unless a party submits an Objection to Request for Video Recording form as directed by the Cameras in the Courtroom Procedures.

Parties objecting to video recording are asked, for research purposes, to communicate to the Court the reasons for declining to participate. If you decline to participate, you should candidly convey the reasons for your decision. Whether you agree to participate or decline to participate will have no effect on your case whatsoever.

Susan Y. Soong

Susan Y. Soong, Clerk of Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C. § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT

Susan Y. Soong

Susan Y. Soong
Clerk, United States District Court