UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYSSA TAI, | |
|     Plaintiff, | No. C 20-08669 WHA |
| v. | |
| CHANDRA VARANASI, et al., | **ORDER RE MOTION TO DISMISS** |
|     Defendants. | |

Plaintiff Tai applied for a job via Craigslist to be a housekeeper for Chandra Varanasi whereupon Varanasi allegedly made unwarranted comments and physical advances. Plaintiff argues defendant Varanasi and others should be held liable for the emotional and financial damages she continues to suffer a result of the attack, which took place in September 2019 (Dkt. No. 26-28). Plaintiff's form complaint cumulatively names Varanasi, "Equinix," and Craigslist as defendants. However, at a motion hearing on July 28, 2022, plaintiff stated she wishes to pursue the complaint only as to defendant Varanasi. Subject-matter jurisdiction is predicated on federal question and diversity of citizenship. Defendant moves to dismiss under FRCP 12(b)(6) for failure to state a claim and 12(b)(1) for lack of subject-matter jurisdiction. For the reasons that follow, this case is **DISMISSED**.

**ANALYSIS**

A motion to dismiss tests the legal sufficiency of the complaint. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true,

to state a claim for relief that is plausible on its face. A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a court must take all of the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Ibid*. A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004) (cleaned up).

   1. **Federal Question**

Under federal question jurisdiction "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Plaintiff argues there is a federal question because "it is a violation of the United States Constitution that the defendant intentionally assaults women at the Silicon Valley for pleasure and declaring free country free rape" (Dkt. 26 at 3). The Constitution, however, does not govern private actions by private individuals. In *United States v. Morrison,* 529 U.S. 598, 621 (2000), the United States Supreme Court held that the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." Similarly, that decision involved allegations against defendants who sexual assaulted plaintiff and made vulgar remarks. Nevertheless, the Court reasoned the principle limiting the Constitution to government-only action must stand to "prevent from obliterating the Framers' carefully crafted balance of power between States and the National Government" *Id*. at 602, 620-1. So too here. Plaintiff's sexual assault allegations cannot implicate jurisdiction based on the Constitution.

Although plaintiff does not allege it, her complaint might fall under Title VII of the Civil Rights Act of 1964. Title VII's protections, however, apply only to employers with fifteen or more employees. *See* 42 U.S.C.A. § 2000e (b). Housekeeping involves an employee of one,

1  certainly fewer than fifteen. Thus, Title VII cannot be a basis for federal jurisdiction.

2  Accordingly, this order finds plaintiff has failed to state a claim arising under federal law.

### 2. Diversity Jurisdiction

In relevant part, the diversity jurisdiction statute provides that:

> "(a) the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…(2) citizens of a State and citizens or subjects of a foreign state, *except that the district courts shall not have original jurisdiction. . .of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State*."

*See* 28 U.S.C. § 1332(a)(2) (emphasis added). Plaintiff alleges she is a citizen of California. Further, it is undisputed that defendant Varanasi is an Indian-citizen currently legally domiciled in California. What remains unclear, however, is whether he has been admitted as a *permanent* resident as used under Section 1332(a)(2). During the hearing, defense counsel vaguely alluded to defendant's "resident" status and argued the fact that he is domiciled in California is enough to destroy complete diversity. Plaintiff, on the other hand, repeatedly asserted defendant is on a work visa which he continuously renews. This is a significant issue, as some courts have interpreted "permanent residence" under Section 1332(a)(2) as having the same meaning under the immigration laws, that is, referring to a person lawfully accorded the privilege of residing permanently in the United States. *See Talece Inc. v. Zheng Zhang,* 2020 WL 5366633 at *2 (N.D.Cal., 2020) (Judge Freeman) (distinguishing permanent resident from temporary H-1B worker); *Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1348 (C.A.11 (Fla.), 1997) (same). The complaint is inadequate on this point, although possibly this point can be cured.

Furthermore, this order finds the complaint fails to allege an adequate amount in controversy against defendant Varanasi. In all of the complaints and letters submitted, she only ever alleges damages as to the named corporations — such as two billion dollars against

"Equinix" and one billion against Brodcom, Inc. — for theories such as negligent hiring and failure to train. (Dkt. No. 27 at 5; Dkt. No. 57 at 4). Not once does plaintiff ever allege defendant Varanasi himself is responsible for any damages. (Dkt. No. 1, 25-28, 57). As plaintiff has stated she only wishes to pursue the complaint against defendant Varanasi, this order finds a specific amount in controversy lacking.

For the foregoing reasons, defendant's motion to dismiss is **GRANTED.** The case is **DISMISSED**. On or before **SEPTEMBER 9, 2022**, **AT NOON**, plaintiff may file an amended complaint seeking to cure the foregoing issues, failing which the case shall be dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: August 15, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE